UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL WILLIAMS,

                Petitioner,

    v.                                        9:19-CV-0308
                                                    (GTS)
J. LAMANNA, Superintendent, Green Haven
Correctional Facility,

                Respondent.

---

APPEARANCES:                                   OF COUNSEL:

MICHAEL WILLIAMS
Petitioner, pro se
13-A-3128
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Michael Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). He also filed a properly certified application to proceed in forma pauperis ("IFP"). Dkt. No. 2. For the reasons that follow, petitioner is given thirty days to clarify how he wishes to proceed with the present action.

**II.    THE PETITION**

Petitioner challenges a 2013 judgment of conviction in Albany County, upon a jury verdict, of second degree conspiracy, two counts of second degree criminal sale of a controlled substance, seven counts of third degree criminal sale of a controlled substance, six

counts of third degree criminal possession of a controlled substance, and sixth degree criminal possession of a controlled substance. Pet. at 1-2; *see also People v. Williams*, 150 A.D.3d 1315, 1315 (3rd Dep't 2017).[1] The New York State Supreme Court, Appellate Division, Third Department, modified the judgment by directing that petitioner's sentences for second and third degree criminal sale of a controlled substance and four of the seven counts of third degree criminal possession of a controlled substance run consecutively to one another and concurrently to the rest of the sentences imposed. *Williams*, 150 A.D.3d at 1321. Otherwise, the Third Department affirmed the judgment of conviction, and, on October 5, 2017, the New York Court of Appeals denied leave to appeal. *Id.*, *lv. denied*, 30 N.Y.3d 984 (2017).

Petitioner also filed a writ of error coram nobis on December 20, 2018. Pet. at 3, 13. On January 25, 2019, the Third Department denied the writ. *Id.* Petitioner applied for leave to appeal to the Court of Appeals in February of 2019. *Id.* That motion is still pending before the Court of Appeals. *Id.* at 4, 13.

Petitioner contends that he is entitled to federal habeas relief because there was legally insufficient evidence to convict him of three of the counts lodged against him. Pet. at 5, 17-20. For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner has only included one claim in his presently pending habeas corpus petition. Petitioner argues that some parts of his conviction were not supported by legally sufficient evidence. Pet. at 5, 17-20. However, petitioner already advanced, and was denied, the same argument in his direct appeal. *Williams*, 150 A.D.3d at 1317-19. Accordingly, the present claim within the petition pending before this Court is exhausted.

However, it is clear that petitioner is also in the middle of exhausting his other available state court remedies because petitioner asserts that he timely sought leave to appeal from the denial of his writ of error coram nobis and his appeal is currently pending before the Court

of Appeals. Pet. at 13. Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.")

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his appeal of the denial of his collateral motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a sort of protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied. The Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)). In similar situations, such requests evaluating "whether a stay and abeyance is appropriate in a particular case is governed by the"

4

considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, to the extent petitioner is attempting to request a stay pending a final decision from the Court of Appeals, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Pursuant to petitioner's detailed calculation of the time remaining for his statute of limitations given his presently pending and completed state court proceedings, petitioner cannot be said to have any confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction

becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires.[2] 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[3]

The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on October 5, 2017. *Williams*, 30 N.Y.3d at 984. He did not seek a writ of certiorari, and his conviction thus became final 90 days later, on January 3, 2018. *Thaler*, 565 U.S. at 149-150. Petitioner therefore had until January 3, 2019, to timely file a federal habeas petition. On December 20, 2018, after 351 days of the limitations period had elapsed, petitioner filed his writ of error coram nobis. Pet. at 13. That motion served to toll the limitations period, and, by his own account, his timely appeal from the denial of the motion remains pending. *Id.* Accordingly,

---

[2] "[T]he statute of limitations was and is tolled as to all of [petitioner's habeas] claims, provided they all relate to the same underlying state court judgment, by the proper filing of state court applications for post conviction review." *Talbot v. Jenkins*, No. 3:09-CV-0028, 2010 WL 2900349, at *4 (W.D.Wis., July 21, 2010) (citing 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent *judgment* . . . is pending shall not be counted toward any period of limitation under this subsection") (emphasis added)).

[3] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

6

also per petitioner's own calculations, he has approximately fourteen days left before the statute of limitations expires after the Court of Appeals issues its decision.

Accordingly, petitioner has three different options to choose from in moving forward. Because petitioner's petition presently includes only exhausted claims, he can move forward with his legal insufficiency claims as stated. However, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b) and the one-year limitation period under subsection (d). Thus, petitioners are generally permitted to file only one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b). Therefore, if petitioner wished to later file a second habeas petition challenging the parts of his underlying state court conviction that are presently being addressed in his coram nobis litigation, he would probably be precluded from doing so.

Alternatively, if petitioner also wishes to include any of the claims that he is presently litigating in his coram nobis motion in his habeas petition, he must do one of two things. First, if the Court of Appeals has not rendered a decision by the deadline set in this Order, petitioner can move to withdraw the present petition and refile it after the state court remedies have been successfully exhausted. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice.

This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4] Petitioner must be vigilant pursuing this option, as there are only fourteen days left in the statute of limitations period after a decision by the Court of Appeals has been issued. However, this still appears to be adequate time in which to refile his petition. *See Zarvela*, 254 F.3d at 383 (commenting that petitioner refiled his habeas petition within fourteen days after receiving the appellate court's decision). Second, if the Court of Appeals has rendered a decision on petitioner's appeal prior to the deadline in this Order, the petitioner can file a motion to amend his petition and include a proposed amended complaint outlining all of his claims.[5]

In sum, it is unclear to the Court whether petitioner would prefer to proceed with his petition as it presently stands, or whether he would like to include claims in his petition which are currently being exhausted in the coram nobis litigation. Accordingly, petitioner has thirty (30) days to inform the Court of his intentions.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must: (1) inform the Court that he wishes to pursue only those claims set forth in his

---

[4] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[5] A motion to amend filed prior to the exhaustion of petitioner's state court remedies would be denied as futile. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

pending petition; (2) file a motion to amend his original petition – presuming the Court of Appeals has rendered a decision on his state court application – pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7.1, adding his unexhausted claims to his petition;[6] or (3) seek voluntary dismissal of the pending petition with the option to refile it once the state court proceedings have concluded; and it is further

**ORDERED** that upon the filing by petitioner of any motion to amend his petition, any renewed motion to stay his petition, or any motion to withdraw his petition, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that if petitioner does not move to either amend or voluntarily withdraw his petition within thirty (30) days of the filing date of this Decision and Order, the Court will consider his original petition only (Dkt. No. 1); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: March 22, 2019
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[6] In the event petitioner wishes to amend his petition, he must attach a proposed amended petition setting forth all of the claims that he wants the Court to consider, including the claims now raised in the petition and the new claims that petitioner wants to add to the petition. In his proposed amended petition, petitioner must state the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, and the length of the sentence received. He must specify all grounds upon which the amended petition is based, and the facts supporting each ground, in the proposed amended petition. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction, including the name and location of the court(s) in which he filed each application and the date(s) upon which the court(s) denied each application. He must also demonstrate either that his proposed amended petition is timely, or that it relates back to his original petition.